AMERICAN CAN CO. v. WILLIAMS.

(Circuit Court of Appeals, Second Circuit. November 24, 1906.)

No. 176.

INJUNCTION—RECEIVER OF NATIONAL BANK—DIRECTION TO RETAIN FUNDS PENDING SUIT.

It is a proper exercise of discretion on the part of a Circuit Court to enjoin a receiver of a national bank from transmitting a fund in his hands to the treasurer of the United States pending the determination by the court of a preferential claim thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 86–90.]

Townsend, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Western District of New York.

F. F. Oldham and F. W. Stevens, for appellant.

J. M. Mitchell, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The majority of the court are satisfied that it was a proper exercise of discretion on the part of the Circuit Court to retain the fund within the jurisdiction until it shall have been determined, at final hearing, to whom it belongs.

TOWNSEND, Circuit Judge. I dissent from the opinion of the majority of the court. The order in question enjoins the receiver "from disposing in any manner of any funds in his hands as receiver of the Fredonia National Bank by transmission to the Treasurer of the United States or otherwise, so as to reduce" the amount claimed by the plaintiff as a preference in the pending suit.

The federal statute makes it the duty of the defendant to take possession of the assets of the insolvent institution, and to pay over all moneys resulting therefrom to the Treasurer of the United States, subject to the order of the Comptroller. There is no evidence that the defendant is doing or threatens to do any act in violation of the plaintiff's right. It would seem from the language of section 5236 of the Revised Statutes [U. S. Comp. St. 1901, p. 3508] that the comptroller, and not the defendant, would be the proper person to pay the plaintiff's claim if it were finally sustained. In the absence of evidence that unless the injunction issue there will be an invasion of the plaintiff's rights, there is no sufficient justification therefor. The right to a pre-

liminary injunction is not granted ex debito justitiæ, but the application is addressed to the sound discretion of the court. The discretion is not an arbitrary one, but is to be exercised subject to the established principles of law. High on Injunctions, §§ 11, 13.

It is to be assumed that the receiver, the Treasurer and the Comptroller will execute their duties according to law. I am of the opinion, therefore, that no adequate ground has been shown to justify the interference by injunction with the executive officers of the Government in the discharge of their duties in accordance with the statute.